## O. H. PURDY, Appellant, *v.* J. C. STEEL ET AL., Respondents.

Practice—Exceptions—Assignment of Errors—Waiver.—All exceptions taken in the court below will be treated as waived, unless the matters so excepted to are assigned as error in this court.

Review—Judgment Roll.—In cases where no motion for a new trial was made in the court below, or where there is no statement properly made on such motion, the appellate court will only examine the judgment roll, and if this be regular, the judgment will be affirmed.

Appeal from the third judicial district, Owyhee county.

No appearance for the appellant.

*Scaniker & Burmester,* for the respondents.

Cummins, J., delivered the opinion of the court, McBride, C. J., and Kelly, J., concurring.

The plaintiff, in his bill, seeks to enjoin the defendants from trespassing upon a certain mining claim to which he avers title in himself, and that he was in possession of the

same at the time of suit brought. It is also averred that the defendants frequently enter upon said claim and work and remove therefrom valuable quartz rock, and they also set up some interest or estate in the same in themselves, adversely to that of the plaintiff.

A jury having been demanded, some five distinct issues were framed under the direction of the court, upon which evidence was submitted to such jury, who, after due deliberation, returned a special verdict answering each issue separately submitted to them, on which special verdict the court entered judgment or a decree for the defendants. The plaintiff moved to set aside this verdict as being contrary to law and the evidence, but the court very properly overruled the motion, to which exception was taken. There is, however, no motion for a new trial, or any other step taken by the plaintiff, except to move the court to set aside the verdict as already stated. Following the record of these proceedings are some forty-six pages of manuscript, purporting to be a " statement of case on appeal."

There were several exceptions taken by the parties during the progress of the trial, but there is no assignment of errors in this court. This brings the case within the rule heretofore laid down, namely, that we would treat all exceptions taken in the court below as waived unless they were assigned as errors in this court. (*People* v. *Page, Lamkin* v. *Sterling, Fierbaugh et al.* v. *Masterson, ante.*) Such is also the rule laid down in the supreme court of California, to the practice in which court ours is very analogous. (*Brown* v. *Tolles,* 7 Cal. 398; *Barrett* v. *Tewksbury,* 15 Id. 354; *Sayre* v. *Smith,* 11 Id. 129.)

It is to be inferred simply from the record that the appellant intended to rely on the motion to set aside the verdict. But the proper determination of this motion involves the examination of facts, which can only be done upon a motion for a new trial. All we can do where there is no motion for a new trial, or statement properly made on such motion, is to look into the judgment roll itself (*Chaney* v. *Silverthorn,* 9 Cal. 67), and if this be regular, the judgment will be affirmed.

There was a complaint regularly filed. The demurrer to the same was overruled by the court with leave to the defendants to answer, which they did in due time. The order overruling the demurrer can not be assigned as error in this court, as the respondents finally obtained judgment on the merits at the trial, and hence it was no longer a matter by which they could be aggrieved. All the subsequent proceedings, so far as appears on the face of the judgment roll, were regular, and the decree properly rendered in favor of the defendants below.

Judgment affirmed.