Points Decided.

(March 24, 1927.)

In the Matter of DRAINAGE DISTRICT No. 3, OF ADA COUNTY, IDAHO. W. T. BOOTH, J. A. GALLAHER, CAROLINE OAKES, EDWARD GREENWALT and JOHN G. BRECKENRIDGE, Appellants, v. DRAINAGE DISTRICT No. 3, C. A. GROVES, LAFE BOONE and MATT BEGLAN, Respondents.

[255 Pac. 411.]

DRAINAGE DISTRICTS — SPECIAL ASSESSMENTS — EASEMENTS — FEDERAL LANDS—ASSESSMENT OF BENEFITS.

1. Right of settler to receive water through a ditch, although constituting an "easement," is not an easement subject to assessment for drainage district, as contemplated by C. S., sec. 4504, requiring that assessment shall be set opposite each tract, lot, or easement; right of way being the easement to be taxed thereunder, and not easement of settler incidental thereto.

2. No assessment for drainage district can be levied against canal right of way owned by United States government, and such canal is properly excluded from district.

3. Railroad right of way, situated on land high and dry above land to be drained and in no way contributing to bogged condition, *held* not subject to assessment by drainage district, within C. S., sec. 4504, no direct benefit or special benefit through increase in tonnage resulting therefrom.

4. Specification of error, pointing out no particular on which alleged error is based, will not be considered by supreme court on appeal.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Publisher's Note.

1. Scope and import of term "owner" in statutes relating to drainage district, see note in 2 L. R. A. 791.

3. Assessment of land already sufficiently drained, see note in 26 L. R. A., N. S., 975.

See Appeal and Error, 3 C. J., sec. 1504, p. 1357, n. 48.

Drains, 19 C. J., sec. 209, p. 716, n. 35; sec. 212, p. 717, n. 63; sec. 218, p. 720, n. 93.

Appeal from judgment of confirmation of drainage district proceedings. Judgment for defendants. *Affirmed.*

J. B. Eldridge, for Appellants.

The commissioners are authorized to assess benefits against a "tract, lot or easement" and also authorized to assess benefits against a "municipality or corporation" should the same derive a public or special benefit from any part of the work. (C. S., sec. 4504, subd. 5; *In re Drainage Dist. No. 1,* 29 Ida. 377, 161 Pac. 315.)

"A property right to the use of water from an irrigation ditch acquired or reserved under contract constitutes an easement in the ditch." (*People ex rel. Standart v. Farmers' High Line S. Canal & Resev. Co.,* 25 Colo. 202, 54 Pac. 626; *Nampa-Meridian Irr. Dist. v. Gess,* 17 Ida. 552, 556, 106 Pac. 993; *Murphy v. Kerr,* 296 Fed. 536; *Henrici v. South Feather Land & Water Co.,* 177 Cal. 442, 170 Pac. 1135; *Stanislaus Water Co. v. Bachman,* 152 Cal. 716, 93 Pac. 858, 15 L. R. A., N. S., 359; *Bolles v. Pecos Irr. Co.,* 23 N. M. 32, 167 Pac. 280.)

A water right is real estate. (*Gard v. Thompson,* 21 Ida. 485, 123 Pac. 497; *Knowles v. New Sweden Irr. Dist.,* 16 Ida. 217, 101 Pac. 81; *Nampa-Meridian Irr. Dist. v. Briggs,* 27 Ida. 84, 147 Pac. 75.)

It is also appurtenant to land. (*Taylor v. Hulett,* 15 Ida. 265, 97 Pac. 37, 19 L. R. A., N. S., 535; *Paddock v. Clark,* 22 Ida. 498, 126 Pac. 1053; *Medford Irr. Dist. v. Hill,* 96 Or. 649, 190 Pac. 957.)

No stipulation of the parties who appeared in the cause, and no judgment based upon such stipulation, as between them, could be binding upon the other land owners in the district, who did not appear, if no such notice as required by law was given.

Persons not joining in the stipulation cannot be bound by it even if attorneys had authority to make it. (*Kneeland v. Luce,* 141 U. S. 437, 12 Sup. Ct. 39, 35 L. ed. 808; *West-*

*ern Lunatic Asylum v. Miller,* 29 W. Va. 326, 6 Am. St.
644, 1 S. E. 740.)

The following drainage cases, under statutes similar, hold
that railroad rights of way are assessable: *Chicago & N. W.
R. R. Co. v. Board of Supervisors,* 171 Iowa, 741, 153 N. W.
110; *Drainage District v. Chicago B. & Q. R. R. Co.,* 96
Neb. 1, 146 N. W. 1055; *Forest v. Atlantic Coast Line R. R.
Co.,* 159 N. C. 547, 75 S. E. 796; *Milne v. McKinnon,* 32
S. D. 627, 144 N. W. 117; *Northern Pacific R. R. Co. v.
Richland County,* 28 N. D. 172, Ann. Cas. 1916E, 574, 148
N. W. 545, L. R. A. 1915A, 129.

In *Oregon Short Line R. Co. v. Pioneer Irr. Dist.,* 16
Ida. 578, 102 Pac. 904, the railroad right of way was held
subject to assessments for benefits in an irrigation district.
Under the express terms of C. S., sec. 4504, corporations
may be assessed. (*In re Drainage Dist. No. 1,* 29 Ida. 377,
161 Pac. 315.)

Omitting lands that should have been assessed renders
whole assessments void. (*Spring Creek Drain. Dist. v. Elgin
R. Co.,* 249 Ill. 260, 94 N. E. 529; *People v. Cole,* 128 Ill.
158, 21 N. E. 6; *Gilkerson v. Scott,* 76 Ill. 509; *Nevins
& Otter Creek Township Draining Co. v. Alkire,* 36 Ind.
189; *Freeman v. Thimbe,* 21 N. D. 1, 129 N. W. 83; *Fraser
v. Mulany,* 129 Wis. 377, 109 N. W. 139.)

This court in the case of *Burt v. Farmers' Co-op. Irr. Dist.,*
30 Ida. 752, 168 Pac. 1078, held that C. S., sec. 4506, in-
cludes easements and rights of way, and said section must
be construed with subd. 5, sec. 4504, to the end that cor-
porations as well as easements may be assessed.

P. E. Cavaney, for Respondents.

A mere statement that the trial court erred without point-
ing out specifically where the court erred cannot be con-
sidered. (*Abernathy v. Peterson,* 38 Ida. 727, 225 Pac. 132;
*Hill v. Porter,* 38 Ida. 574, 223 Pac. 538; *Bain v. Olsen,* 39
Ida. 170, 226 Pac. 668.)

There is no assignment of error that the evidence in this record does not support the findings and judgment of the trial court. (*Choate v. North Fork Highway Dist.*, 39 Ida. 483, 228 Pac. 885; *Keltner v. Bundy*, 40 Ida. 402, 233 Pac. 516.)

The district could not legally have included the New York Canal right of way and assess the United States for same, for the reason that said property belonged to the United States and would not be subject to assessment without statutory authority or by an act of Congress. (*State v. Johnson*, 111 Minn. 255, 126 N. W. 1074; *In re Drainage Dist. No. 5*, 39 Ida. 477, p. 480, 228 Pac. 881; *State ex rel. Latimer v. Henry*, 28 Wash. 38, 68 Pac. 368.)

Railroad right of way is not subject to assessment. (C. S., secs. 4504, 4506.)

Assessments are against the property and not against the person. (C. S., sec. 4505; *Elliott v. McCrea*, 23 Ida. 524, 130 Pac. 785; *Burt v. Farmers' Co-op. Irr. Co.*, 30 Ida. 752, 168 Pac. 1078.)

The benefits that may be assessed are limited, specific and defined. (*In re Drainage Dist. No. 1*, 29 Ida. 377, 161 Pac. 315, 321.)

"The commissioners are enjoined by the statute to assess against each tract, lot or easement of high land its proportion of the estimated costs of the works in accordance with its proportion of responsibility for damage to low lands of the district by seepage irrigation water." (*Drainage Dist. No. 2 v. Extension Ditch Co.*, 32 Ida. 314, 182 Pac. 847, 850.)

"Special benefits for which a land owner may be assessed as distinguished from general benefits for which he may not be assessed are whatever increases the value of the land, relieve it from a burden, or make it specially adapted to a purpose which enhances its value." (*In re Drainage Dist. No. 1, supra.*)

Even a general benefit cannot be sustained where the assessment is discriminatory and inequal. (*Browning v. Hooper,*

269 U. S. 396, 46 Sup. Ct. 25, 70 L. ed. 330; *Myles Salt Co.
v. Board of Comm.*, 239 U. S. 478, 36 Sup. Ct. 204, 60 L. ed.
392; *Thomas v. Kansas City So. Ry. Co.*, 261 U. S. 481, 43
Sup. Ct. 440, 67 L. ed. 759; *Northern Pac. Ry. Co. v. Walla
Walla County*, 116 Wash. 684, 200 Pac. 585, 597.)

Remonstrants cannot complain of the stipulation of coun-
sel for the district affecting the Oregon Short Line and the
Artesian Water Company, for the reason that the effect of
said stipulation in no way affects the rights of remon-
strants.   (*Sny Island Levee Dr. Dist. v. Shaw*, 252 Ill. 142,
96 N. E. 984; *Iroquois Drainage Dist. v. Harrison*, 222 Ill.
489, 78 N. E. 780; *Sacramento Co. Rec. Dist. No. 3 v. Gold-
man* (Cal.), 4 Pac. 676; *Payne v. Ward*, 28 Cal. App. 553,
153 Pac. 462; *White v. Papillion Dr. Dist.*, 96 Neb. 241,
147 N. W. 218; *O'Brien v. Schneider*, 88 Neb. 479, 129
N. W. 1002; 229 U. S. 629, 33 Sup. Ct. 774, 57 L. ed. 1358.)

Counsel was within his rights to stipulate the matters con-
tended in the stipulation complained of. (*McLean v.
Truckee-Carson Irr. Dist.* (Nev.), 245 Pac. 285; *Drainage
Dist. No. 2 v. Extension Ditch Co.*, 32 Ida. 314, 182 Pac.
847.)

The commissioners had a right under the law in this state
to exclude the Oregon Short Line Railroad right of way,
and this fact would not be ground for setting aside the
organization of the district. (*Barnes v. Divernon*, 123 Ill.
App. 621; *Mackey v. Hancock Co.*, 137 Iowa, 88, 114 N. W.
552; 19 C. J., sec. 16, and cases cited in notes.)

T. BAILEY LEE, J.—Certain settlers filed with the
court their petition praying the organization of Drainage
District No. 3 in Ada county.   Appellants protested, and the
court made a temporary order organizing the district and
excluding from the territory as proposed the New York
Canal.   Ultimately, the commissioners filed their report to
which appellants filed an original and later an amended
remonstrance.   The issues were tried, and on July 8, 1924,
the court rendered its order and judgment confirming such

report and finally organizing the district. Remonstrants have appealed from said order and judgment "confirming the report of the commissioners of Drainage District No. 3, and organizing the same, and confirming the assessments therein made and provided, and rendered judgment and made its order aforesaid in favor of said defendants and against said remonstrants and plaintiffs herein, and from the whole of said order and judgment." Errors assigned are: (1) The court erred in excluding the New York Canal and all of the interests therein in the temporary order organizing the district; (2) the court erred in holding and deciding that the water rights and interests of the individuals, canal companies and irrigation districts in the New York Canal do not constitute an easement; (3) the court erred in holding and deciding that the Oregon Short Line Railroad right of way did not contribute to the seepage and saturation of the wet area and for that reason should not be assessed for damages or benefits; (4) the court erred in confirming the stipulation of counsel for the district and the Oregon Short Line and Artesian Water Company in which the Short Line was relieved from assessment and its lands excluded from the district and the benefits of the water company fixed by stipulation; (5) the court erred in confirming the report of the commissioners.

Assignments 1 and 2 can be considered together. Remonstrants concede in their pleadings that at the time of the hearing the United States government had purchased the New York Canal, and was operating the same. They further alleged, and it was not denied, that under the agreements of purchase the government was delivering to the stockholders of the New York Canal waters for some 26,000 acres, and that in addition it was furnishing through the canal water for various and divers irrigation districts, including the Boise Project, comprising in itself some 143,000 acres. They plead that the government held title to the canal property as trustee for the settlers on the Boise Project and that the canal was contributing seepage to the

lowlands within the district. In view of these facts, it is contended that the rights of the respective water users to have water delivered them through this canal constituted easements which under the statute were subject to assessment for their proportionate part of the seepage.

[1] While it is true that the right of each settler to receive water through a ditch constitutes an easement, this is not the easement subject to assessment as contemplated by the statute, C. S., sec. *4504, which requires that the assessment shall be set opposite the correct description of each tract, lot or easement; evidently having in mind a visible and tangible entity capable of being described by metes and bounds. This was recognized in *Burt v. Farmers' Co-op. Irr. Co.,* 30 Ida. 752, 168 Pac. 1078, where the court directed the levy of drainage district assessments against the defendant's right of way. Said the court:

"The rights of way of respondents are easements, but are permanent in their nature and are of such character that their owners have exclusive and continuous possession and control thereof. *New Mexico v. United States T. Co.,* 172 U. S. 171, 19 Sup. Ct. 128, 43 L. ed. 407. These rights of way are capable of description and may properly be called tracts of land. It was without doubt the intention of the law to provide that if by reason of carrying irrigation water through canals located on the rights of way described seepage water escaped from the rights of way and contributes to the water-logged condition of the land in the proposed drainage district, that these rights of way should be assessed their just proportion of the costs of construction of the drainage works the same as other high lands."

[2] The right of way is the easement to be taxed under the statute, not the easement of the settlers incidental thereto. Since the United States government owned the right of way in question, no assessment could be levied against it; and there was no error in the court's excluding it from the district.

Assignments of error 3 and 4 may likewise be considered together. The lands of the Oregon Short Line were not

excluded from the district. The findings and decree refer
to them as within the district and the given boundaries in-
clude them, but the court specifically found that such
lands did not contribute to the seepage, were not benefited
and therefore were not subject to assessment. Upon what
theory could they have been assessed? Counsel argues that
under the doctrine announced in *Oregon Short Line R. R.
Co. v. Pioneer Irr. Dist.*, 16 Ida. 578, 102 Pac. 904, assess-
ments should have been levied against the Short Line's
right of way for the reason that it is benefited by the general
enhancement of the adjacent lands. We are not in accord
with the general rule so stated. It might well apply in a
particular case, as where the land in its natural state might
have shared in the general advance of adjacent values. This
is indicated by the opinion relied on wherein it cites and
partially italicizes an excerpt from *Board of Directors v.
Tregea*, 88 Cal. 334, 26 Pac. 237, as follows:

" 'We construe the law to mean that the board may in-
clude in the boundaries of the district all lands which *in
their natural state would be* benefited by irrigation and are
susceptible of irrigation by one system, regardless of the
fact that buildings or other structures may have been erected
here and there upon small lots, which are thereby rendered
unfit for cultivation at the same time that their value for
other purposes may have been greatly enhanced.' "

[3] The Short Line right of way being situated on lands
extraordinarily high and dry above the land to be drained,
and in no way contributing to the bogged condition, can
receive no possible direct benefit from the contemplated
drainage. To render it subject to assessment it must be
brought within C. S., sec. 4504, which directing the commis-
sioners provides:

"And if any particular part of the work so proposed to
be done shall be assessed upon any particular tracts or lots
of land or upon any municipality or corporation they shall
so specify; and if any municipality or corporation should in
their judgment bear a part of the expense or as such will
derive a public or special benefit from the whole or any

part of such proposed work, they shall so report and assess the amount of such benefits."

Construing this section, this court held in *In re Drainage Dist. No. 1,* 29 Ida. 377, 161 Pac. 315:

"Under the provisions of that section the commissioners are given two grounds on which they may base assessments. First, against the land or any easement therein as such; second, against municipalities or corporations, on the theory that they may be especially benefited independent of any land owned or possessed."

Again commenting on this section, this court said in *Burt v. Farmers' Co-op. Irr. Co., supra:*

"We do not think that portion of subdivision 5 of section 9 of the drainage district act of 1913 relating to assessments upon municipalities or corporations applies to such a situation as we have here. The public and special benefits referred to there which must be assessed to municipal or other corporations, we understand has reference to such public benefits as draining of swamps adjacent to a city or village, or schoolhouse, or the drainage of public roads of a county, where the public or a portion thereof is especially benefited, as distinguished from a benefit to a tract of land. These assessments are not to be made as benefits to any tract of land, but are to be made upon the theory of public benefits, specially applicable to a municipality or corporation, for which it is proper that the municipality or corporation should be assessed, such assessment to be paid out of the general funds of such municipality or corporation."

In that case, the bogged condition was caused in great part by seepage from the defendant's canals; and the assessments were ordered levied against the right of way, the land itself, the court ignoring the view that the company received any benefit from the general drainage. The same principle should apply here where it is not shown that the public will be benefited generally. That the railroad company will receive an "especial" benefit imposes too great a strain upon the imagination. Considering the nature of the holdings

within the tillable area, any increase in tonnage commensurate with assessments levied against the company is purely speculative, and the imposition of such assessments would amount to a discrimination or virtual confiscation.

[4] The last specification points out no particular upon which alleged error is based and under repeated rulings of this court will not be considered.

Judgment affirmed.   Costs to respondent.

Wm. E. Lee, C. J., and Budge and Taylor, JJ., concur.

Petition for rehearing denied.