ANDERSON v. FISHER BODY CORPORATION.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—FINDING OF DEPARTMENT CONCLUSIVE IF SUPPORTED BY PROOF.

   On certiorari to review an award of the department of labor and industry under the workmen's compensation act, the Supreme Court will not try or determine the facts, and where there is a clear issue of fact, supported on either side by competent proof, the finding of the department will not be disturbed.

2. SAME—COMPENSATION PAYMENTS TO DEPENDENTS BEGIN ON DEATH OF INJURED EMPLOYEE.

   Where compensation has been paid to an injured employee, under the workmen's compensation act, during his lifetime, and he later dies of the injury, compensation to his dependents begins with the date of his death and continues for a period of not more than 300 weeks from the date of the injury.

Certiorari to Department of Labor and Industry. Submitted June 21, 1927. (Docket No. 43.) Decided July 29, 1927.

May Campbell Anderson and others presented their claim for compensation against the Fisher Body Corporation for the accidental death of their decedent in defendant's employ. From an order awarding compensation, defendant and the Employers' Liability Assurance Corporation, Limited, insurer, bring certiorari. Modified and affirmed.

*Frederick T. Witmire* and *Austin J. Spalding*, for appellants.

*Joseph W. Palmer*, for appellees.

SNOW, J.    Alfred Anderson sustained an accidental

[1]Workmen's Compensation Acts, C. J. § 127; L. R. A. 1916A, 178, 266; L. R. A. 1917D, 189; 28 R. C. L. 828; 3 R. C. L. Supp. 1600; 4 R. C. L. Supp. 1872; 5 R. C. L. Supp. 1580; 6 R. C. L. Supp. 1766; [2]Id., C. J. § 95 (Anno).

injury arising out of and in the course of his employment by the Fisher Body Corporation.   He died about 11 months later.   Two questions are before us on certiorari from an award of the department of labor and industry, viz., Was there competent evidence before the commission to hold defendants liable? and, if so, Was the award erroneous in amount?

Liability.   The injury to decedent was from a sliver he ran into his finger while employed in the woodwork department.   The wound became infected and never healed.   It was a running sore to the time of his death.   His health gradually declined from the time of the infection, and in October he was afflicted with many boils on his neck and head.   A doctor was called to see him on New Year's eve and found him with a cold.   A few days later lobar pneumonia developed, from which he died.

It is the claim of plaintiffs that the continued infection to defendant's finger lowered his general bodily resistance and rendered him more susceptible to disease, especially to the pneumococcus and diplococcus germs, and that his injury was the direct and proximate cause of death.   This claim was abundantly supported by medical expert proof, and, although denied by defendants, there is no room for their contention that there was no legal or competent evidence upon which to find death was caused by the injury. As we have often held in this class of cases, we cannot try or determine the facts, and where, as in the instant case, there is a clear issue of fact, supported on either side by competent proof, the finding of the commission will not be disturbed.   We therefore pass to the only remaining question.

Award.   The accidental injury was on February 13, 1925.   Compensation was paid decedent from that date to May 4, 1925.   He died January 8, 1926.   The commission held that compensation should begin May 5, 1925, and continue for a period of not more than

300 weeks from February 13, 1925, the date of the accident. This court, construing sections 5 and 12 of the compensation act, has held "that in cases where compensation has been paid to the injured employee during his lifetime, compensation to his dependents begins with the date of his death." *Pardeick* v. *Iron City Engineering Co.*, 220 Mich. 653. Also, *Nieminen* v. *Isle Royale Copper Co.*, 214 Mich. 212; *King* v. *Munising Paper Co.*, 224 Mich. 691; *Long* v. *Isle Royale Copper Co.*, 238 Mich. 436.

In consonance, therefore, with the foregoing, it is held that payments must begin January 8, 1926, date of death, and continue for a period of not more than 300 weeks from February 13, 1925, date of injury.

There being no proof of expenditures on account of last sickness and burial of decedent, none can be awarded.

Modified, in accord with the foregoing opinion, the order of the commission is sustained, with costs to appellees.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.