(No. 5590.  October 29, 1931.)

THOMAS McMILLAN, Respondent, v. HUGH SPROAT, Appellant.

[4 Pac. (2d) 899.]

E. G. Elliott, for Appellant.

Richards & Haga, for Respondent.

LEE, C. J.—On April 19, 1929, plaintiff and respondent, Thomas McMillan, sued defendant and appellant, Hugh Sproat, on a promissory note in the principal sum of $15,000. The note dated September 1, 1921, fell due two years later and bore the indorsement, "McMillan Sheep Co. by Hugh Sproat, Pres." The complaint alleged a payment on April 26, 1925, made by check of the sheep company under the direction of Sproat as president and that thereafter respondent had been compelled by a suit in the federal court, brought at the instance of a creditor of the ,sheep company, to account to said creditor and pay over

to it the entire amount of the payment aforesaid. After a general denial, defendant and appellant plead the statute of limitations and charged that the payment aforementioned, having involved the use of company funds in satisfaction of a private debt, the transaction was illegal and void, constituting neither payment nor acknowledgment such as would avoid the bar of the statute.

The court found that appellant had caused the note's indorsement by the sheep company; that he voluntarily made the payment of April 26th by a company check signed by himself as president; that, at the time, he intended it as a payment on the note; that respondent accepted such payment in good faith and gave appellant credit therefor, but later was compelled by a judgment of the federal court to surrender to a creditor of the sheep company the entire payment so received. The court concluded that the suit was not barred by the statute of limitations, and entered judgment for respondent accordingly. Appeal was perfected March 24, 1930. The brief filed June 25, 1931, contained no specifications of error whatever. Respondent's brief, served and filed July 23d following, after arguing the merits, concludes with the submission that the judgment should be affirmed ''for the reason that the appellant has not assigned or specified any errors whatever to justify a review by this court.'' Notwithstanding this direct reference to his noncompliance with an elemental rule of appellate practice, appellant made no move to correct his brief until on October 20th at the hour of the hearing. At that time, he lodged a specification predicating error by the general statement:

''The Court erred in finding for respondent and awarding judgment against appellant because same are not supported by the evidence and are against the law, and because the pleadings and the evidence conclusively show that the action was barred by the statute of limitations, in that in order to remove the bar of the statute the respondent was obliged to and did rely solely on an illegal transaction to remove said bar in which illegal transaction

respondent participated, knowing same to be illegal,'' leaving it to the court to wade through the record to ascertain in what respect the evidence might have failed and what might have been the details of the particular transaction. Again, as ofttimes before, we wearily announce that such a specification is not sufficient. With this statement, we would ordinarily conclude.

However, the earnestness of appellant's argument as applied to the facts shows such a confusion of principles, both legal and equitable, that some comment is deemed incumbent. Insisting that the statute cannot be tolled by an illegal payment, he loses sight of the fact that, irrespective of illegality in the payment itself, the course by which such payment is attempted may constitute an acknowledgment of the debt. Had Sproat given McMillan a bogus check, indicating thereon the purpose of the intended payment, surely, aside from the question of payment, the recited purpose would have operated as an acknowledgment of the debt sought to be discharged. But the judgment of the trial court was based not upon acknowledgment but payment. As between the immediate parties at the time, we think there was a payment within the meaning of the statute. (Note under *Pollak Bros. v. Niall-Herin Co.,* (Ga.) 35 L. R. A., N. S., 13, 97.)

Appellant submits: ''If a plaintiff requires any aid from an illegal transaction to establish his demand, he cannot recover,'' a proposition readily admitted, but how does it work out here? Respondent's demand rested solely upon the note, not upon the tolling of the statute, fundamental right as opposed to remedy. Beyond the note, he had no cause of action. And neither in its execution nor effect was the note charged with illegality.

What is sauce for the goose is sauce for the gander. Appellant having plead affirmatively must needs rely upon an illegality in which he participated and, in fact, originated to establish his own contention and secure release of his obligation. Out of his own mouth is he condemned. Furthermore, he is estopped to plead his own wrongdoing in

defense. (*Witthoft v. Commercial D. & I. Co.,* 46 Ida. 313, 324, 268 Pac. 31.) Claiming that both parties are *in pari delicto,* he denies to respondent what he demands for himself: he would penalize respondent but himself go scot free.

Spread upon the sheep company's minutes of April 17, 1925, signed by himself as president, is the recital that Thomas McMillan had made demand on the company for the payment of the note of Hugh Sproat, dated September 1, 1921, and indorsed by the company, an order that a part of the proceeds of the wool clip be applied on said note, a direction that the president draw a company check therefor, and that the amount so paid be charged to the personal account of Hugh Sproat with the corporation.

To one seeking to invoke such a situation in his favor, the conscience of the race speaks with no uncertain sound: "A man shall not be permitted to set up his own iniquity as a defense any more than as a cause of action." (*Sickman v. Lapsley,* 13 Serg. & R. (Pa.) 224, 15 Am. Dec. 596.)

Judgment affirmed; costs to respondent.

Budge, Givens, Varian and McNaughton, JJ., concur.