(No. 6145.   October 23, 1934.)

EDA BLASER WILLIAMS, Mother of Deceased Employee, Respondent, v. INTERMOUNTAIN FIREWORKS COMPANY, Employer, STATE INSURANCE FUND, Defendant, and STATE OF IDAHO, on the Relation of HARRY C. PARSONS, State Auditor, Appellant.

[37 Pac. (2d) 231.]

Bert H. Miller, Attorney General, and J. W. Taylor, Assistant Attorney General, for Appellant.

C. E. Crowley and Newel S. Crowley, for Respondent, file no brief.

BUDGE, C. J.—On August 5, 1932, Lucille Williams, sixteen year old daughter of claimant Eda Blaser Williams, was instantly killed by an explosion in and while working in the plant of the Intermountain Fireworks Company. It was conceded that her death was due to an accident arising out of and in the course of her employment. Prior to a hearing before the Industrial Accident Board the state of Idaho, on the relation of its auditor, filed its claim demanding that the employer pay into the state treasury, to be deposited in the industrial administration fund, the sum of $1,000, as is provided by I. C. A., section 43–1101, subsection 6, that is, in case there are no dependents of deceased employee. Compensation was denied by the Industrial Accident Board on the ground that no dependency was shown to exist and the claim of the state on the relation of its auditor was allowed. On appeal to the district court the order of the Industrial Accident Board was reversed and claimant was awarded compensation and the claim of the state on the relation of its auditor was denied. Neither the State Insurance Fund nor the employer prosecuted an ap-

peal from the judgment of the district court. The state on relation of its auditor has prosecuted an appeal to this court.

██ ██ The only interest of the party appealing, the state on the relation of its auditor, is with relation to the denial of its claim for the payment of $1,000 into the state treasury. I. C. A., section 43–1101, subsection 6, under which the claim was made, provides in its material part as follows:

"In case there are no dependents of deceased employee, the employer shall pay into the state treasury to be deposited in the industrial administration fund the sum of $1,000;"

The instant case is controlled by the decision of this court in *In re Stewart,* 49 Ida. 557, 290 Pac. 209, construing the foregoing section, the court therein saying:

"Discussing the matter of the State award made by the board, respondent submits the proposition in a nutshell: 'Where the State is claiming the $1000 on the ground that there are no dependents of the deceased, *a fortiori* the burden is on the State to show the deceased left no dependents.' . . . .

"Recognizing the nonexistence of dependents to be an indispensable prerequisite to such an award, the State specifically plead there were none. This allegation the answer just as specifically denied. No evidence whatever was introduced in support of this all essential issue. The board made no finding upon it, merely reciting that no dependent had filed a claim within the more than one year that had elapsed since Stewart's death. Such fact unchallenged though it be, falls far short of establishing the absence of dependents. Failure to file a claim raises no presumption of the nonexistence of dependents. The record contains an unsworn statement that deceased had separated from his wife, nothing more. How about her? Was she divorced, drawing alimony, or separated by mutual agreement and receiving a stipend? Was there no possibility of other dependents?

"The right of the State to an award does not depend upon possibilities but certainties. It had to show there were no dependents; it failed to do so."

The only question attempted to be raised by appellant is that: ''The evidence fails to disclose the existence of any dependency, partial or otherwise.'' It appears that an answer to this question is of no benefit to appellant in view of the holding in *In re Stewart, supra.* The right of the state to an award does not depend upon whether dependency was shown by the claimant, but rather it must be made to appear that no dependency existed, which must have been shown by appellant. There was evidence on behalf of the claimant at least tending to show partial dependency, and, giving appellant full benefit of any evidence introduced on behalf of the employer or the surety, but without expressing any opinion as to appellant's right to the benefit of such evidence, it appears that such evidence would not support a finding that there were no dependents. It follows therefrom that the judgment of the district court must be and it is hereby affirmed. Costs awarded to respondent.

Givens, Morgan and Holden, JJ., concur.

Wernette, J., deeming himself disqualified, took no part in the opinion.