(No. 6544. July 28, 1938.)

STATE, on the Relation of HARRY C. PARSONS, State Auditor, Respondent, v. WORKMEN'S COMPENSATION EXCHANGE, and POTLATCH FORESTS, INC., Appellants.

[81 Pac. (2d) 1101.]

Ralph S. Nelson, Spencer Nelson and J. R. Smead, for Appellants.

J. W. Taylor, Attorney General, E. G. Elliott and R. W. Beckwith, Assistant Attorneys General, for Respondent.

AILSHIE, J.—John Anderson was an employee of the Potlatch Forests, Inc., and while engaged in course of his employment September 7, 1935, was struck by a falling tree and died September 9th. At the time of his death he had no dependents and no claim by anyone purporting to be a dependent has ever been made. Accordingly, at the expiration of a period of one year after the accident, as provided by sec. 43–1101, I. C. A. (as amended by chap. 147, 1935 Sess. Laws), the State of Idaho, on relation of the state auditor, filed a claim for the sum of $1,000 compensation, under the statute above cited. The facts were stipulated and thereupon the board entered an order directing the payment of $1,000 to the state treasurer for deposit in the Industrial Administration Fund. The employer and the surety have both appealed.

The appeal is predicated on the ground that the portion of subd. 6 of sec. 43–1101, as amended by chap. 147 of the 1935 Sess. Laws, reading as follows:

"In case . . . . *no claim for compensation is made by a dependent of deceased employee and filed with the Industrial Accident Board within one year after the death or in case a claim is made and filed within such year and no dependency proven the employer shall pay into the State Treasury to be deposited in the Industrial Administration Fund the sum of $1,000.00"*,

is unconstitutional and void. The specific complaint made against the constitutionality of the foregoing provision of the statute, is that it violates section 5, article 7, of the state Constitution, relating to uniformity of taxation; and also that it violates section 1 of the Fourteenth Amendment to the Constitution of the United States. It is argued by appellant that the specific provision of the statute to which objection is made, in providing that $1,000 shall be paid into the state treasury in case there are no dependents, renders the act a revenue act; and consequently this part of the act must fail, because the compensation statute did not originate in the House of Representatives as required by section 14, article 3 of the Constitution, in regard to revenue measures; and that it is also unconstitutional, for the reason that the title to the act was insufficient to cover a revenue measure as required by section 16, article 3, Constitution.

■ It will be unnecessary to consider these latter aspects of the argument presented by appellants, for the reason as hereinafter stated, that we do not consider this provision of the act, either in part or as a whole, as a revenue act or as an act levying a tax. As we view this statute and understand the intent of the legislature, the provision in question is neither a license nor an excise tax. It seems clearly to be "compensation" as that term is employed and applied by the legislature in the Workmen's Compensation Law. (*Pacific Employers' Ins. Co. v. Pillsbury*, 14 Fed. Supp. 156.)

The statute, sec. 43–1101, *supra,* is divided into six subdivisions. The introductory part of the statute preceding the first subdivision, reads as follows:

"If death results from the injury within two years the employer or the surety shall pay to the person entitled to compensation, or, if there are none, then to the personal representative of the deceased employee, burial expenses not to exceed $200.00, and shall also pay to or for the following persons for the following periods, a weekly compensation equal to the following percentages of the deceased employee's average weekly wages as defined in Section 43–1118."

The first five subdivisions deal with different grades and classes of *dependents* and subdivision 6 provides for "two or more classes of persons entitled to compensation under this section and the apportionment of such compensation," etc.; and then follows the sentence above quoted. The statute does not limit the payment of compensation to "dependents"; it rather says that "the employer or the surety shall pay .... to or for the following persons for the following periods .... compensation." After enumerating the various classes of persons *who may in any way be deemed dependents,* it then provides that "in case no claim for compensation is made *by a dependent* of deceased .... the employer shall pay into the State Treasury .... the sum of $1,000.00," to be deposited in the Industrial Administration Fund.

Now, as we understand this statute, it was the intention of the legislature that *compensation* should be paid by the employer or his surety *for every employee killed by accident* while engaged in the course of his employment. The amounts to be paid, as prescribed by this statute, vary accordingly to the degree and extent of dependency and the identity and status of the claimant. When no one appears within a year who can qualify as a *dependent,* within the definition of the statute, then it is made the duty of the proper official to file a claim for the sum of $1,000 in behalf of the state. In other words, the state, as the *sovereign or parens patriae,* asserts its right to recover for the death of an employee, in the event no person qualifies as an actual dependent within the meaning of the statute. It certainly cannot be gainsaid that the state has an interest in these employees, its subjects to whom it owes police and general welfare protection, which is equal to, if not superior to, the interests of some of the persons who are named as dependents. We know of no reason why the state may not be made a beneficiary under such a law as well as the persons designated as dependents. Had the decedent died a natural death and left an estate, and left no heir or person surviving him entitled under the succession statute to take his estate, the same would go to the state under the law of escheat (subd. 9, sec. 14–103, I. C. A.), which is as old

as the common law; and no one would seriously question the right of the state to take such property. For like reasons we can see no constitutional objection to the state, in its corporate capacity as the sovereign or head of the governmental family, asserting its right to compensation from industry, in the case of the death of one of its subjects while engaged in the course of his employment, where no actual dependent exists.

The Attorney General has furnished us with a table set out in his brief, from which it appears that the average compensation paid to dependents in death cases for '35, '36, and '37, was above $4,000 in each case. This varied, of course, according to the degree of dependency. It will appear, therefore, that the state, as *parens patriae,* is only exacting about one-fourth of the compensation it requires to be paid to actual dependents. The contention that the exaction of $1,000 by the state is a tax or license fee, for the purpose of administering the law, and for that reason is discriminatory and invalid, is unsound. It can make no difference, with the validity of the law, for what purpose the state uses the fund. It might with equal propriety use the fund for administering the public health department or the public schools, just as the escheat fund is used for school purposes. It nevertheless remains a fact that the state is paying the expenses of maintaining a board and a corps of officers for administering the compensation act and is bearing the general burden of investigation and administration.

It has been urged that this provision, for paying the $1,000 to the state on the death of an employee who has no dependents, is discriminatory in that it penalizes the employer who employs workmen who have no dependents. We rather think the law as written has the contrary effect. It would tend to discourage any employer, who might be sufficiently penurious to do so, from seeking to employ workmen who in fact have no dependents; because, if this statute did not exist, there would be no compensation paid to anyone in any such cases where no dependents exist. Even as the law is written, and in the light of the average payments made as above stated, the employer and his surety, in such a

case, get off with much less expense than in the case of the death of one having dependents. Somewhat similar statutes to ours have been adopted in a number of states.[1] In some cases they have been held unconstitutional.[2]

The same conclusion, as we have stated above, was reached by the Supreme Court of Arizona in *Home Accident Insur-*

---

[1] ARIZONA—Rev. Code, sec. 1438 (A), $850 for special fund for vocational rehabilitation. (*Home Acc. Ins. Co. v. Industrial Com.*, 34 Ariz. 201, 269 Pac. 501.)

FLORIDA—1935 Gen. Laws, chap. 17,481, sec. 16 (b) (e), pp. 1469, 1470, total amount of compensation "shall not exceed 50% if no dependents"; Id., sec. 20 (1), to be paid to personal representative. (*Maryland Casualty Co. v. Sutherland*, 125 Fla. 282, 169 So. 679.)

[2] CALIFORNIA—Statute requiring employer to pay $300 into compensation fund held unconstitutional. (*People v. Yosemite Lbr. Co.*, 191 Cal. 267, 216 Pac. 39; *People v. Standard Oil Co.*, 132 Cal. App. 563, 23 Pac. (2d) 87.)

NEW JERSEY—Chap. 203, Laws 1918, held unconstitutional by Supreme Court in *Bryant v. Lindsay*, 94 N. J. L. 357, 110 Atl. 823; affirmed 96 N. J. L. 268, 114 Atl. 447.

HAWAII—1937 Sess. Laws, chap. 245, sec. 2 (amd. sec. 7493, Rev. Laws), $500 to be paid to special compensation fund.

KANSAS—Gen. Stat. 1935, sec. 44–510 (2), where no dependents residing in U. S., compensation not to exceed $750.

KENTUCKY—Carroll's Ky. Stat. 1922, sec. 4893 (1), $100 to personal representative of deceased employee; re-enacted 1936–37 (4th Spec. Sess.) chap. 25, p. 179.

MASSACHUSETTS—1937 Acts and Resolves, chap. 394, p. 442, payment of $1,000 to treasury of commonwealth.

MINNESOTA—1933 Rev. Labor Laws, sec. 4276, p. 23, compensation in sum of $300, special compensation fund.

MISSOURI—1929 Rev. Stat. (I), sec. 3319 (a), p. 996, death benefit to be limit of liability of employer. Statute construed: *Kemmerling v. Koch Erecting Co.*, 338 Mo. 252, 255, 89 S. W. (2d) 674.

NEW YORK—1930 Consol. Laws, chap. 66, sec. 15, subd. 8, vocational rehabilitation fund of $1,000; *State Treasurer v. Vanderbilt*, 220 App. Div. 61, 220 N. Y. Supp. 521, date of death controlling; sec. 25a added by Laws '33, providing for transfer of portion of fund for reopened cases.

NORTH CAROLINA—1931 Pub. Laws, chap. 274, sec. 5, "to next of kin," commuted amount provided in sec. 38 as for whole de-

*ance Co. v. Industrial Com.,* 34 Ariz. 201, 269 Pac. 501, but such conclusion was arrived at by a somewhat different course of reasoning from that which we have adopted. (See, also, *Salt Lake City v. Industrial Com.,* 58 Utah, 314, 199 Pac. 152, 18 A. L. R. 259; *Booth Fisheries Co. v. Industrial Com.,* 185 Wis. 127, 200 N. W. 775.)

■ The federal constitutional objection urged here is determined adversely to appellant's contention by the Supreme Court in *Sheehan Co. v. Shuler,* 265 U. S. 371, 372, 44 Sup. Ct. 548, 68 L. ed. 1061, 35 A. L. R. 1056; *State Treasurer v. Sheehan Co.,* 206 App. Div. 726, 199 N. Y. Supp. 951; *Staten Island Rapid Transit R. Co. v. Phoenix Indemnity Co.,* 281 U. S. 98, 50 Sup. Ct. 242, 74 L. ed. 726; see, also, *Pacific Employers Ins. Co. v. Pillsbury,* 14 Fed. Supp. 156.

We find no valid constitutional objection to the provisions of the act in question.

The order of the board is affirmed with costs to respondent.

Holden, C. J., and Budge and Givens, JJ., concur.

---

pendents; if no "next of kin," one-half of commuted amount paid to personal representative.

SOUTH CAROLINA—Acts 1935, sec. 40, p. 1251—employer to pay next of kin commuted amount provided for whole dependents, less burial expenses; if no next of kin, then one-half of commuted amount to be paid to the Industrial Commission. Sec. 41 (amended by '37 Laws), providing that total compensation in no case to exceed $6,000.

UTAH—1933 Rev. Stat., sec. 42-1-64, 20% of amount allowed, to be paid into special fund. (*Salt Lake City v. Industrial Com.,* 58 Utah, 314, 199 Pac. 152, 18 A. L. R. 259.)

WISCONSIN—1935 Laws, p. 725, amending statutes, sec. 102-49 (5). Employer to pay into state treasury amount to equal death benefit payable to total dependents; maximum, $2,000. (*Sturtevant Co. v. O'Brien,* 186 Wis. 10, 202 N. W. 324, maximum at this time, '25, $1,600.)

DISTRICT OF COLUMBIA LONGSHOREMEN AND HARBOR WORKERS—Comp. Act, sec. 44, $500 to be paid to U. S. Treasurer for special fund for vocational rehabilitation. (*Pacific Employers' Ins. Co. v. Pillsbury,* 14 Fed. Supp. 156.)

NOTE: The statutes and cases above cited all pertain to employees who left no dependents surviving.

MORGAN, J.—I concur in the affirmance of the award, but am unable to see any similarity between the principles of the law of workmen's compensation and escheat. If the $1,000, made payable to the State of Idaho in the event of the death of a workman by accident arising out of and in the course of his employment, was the property of the workmen's estate, the principles governing the escheat of an intestate's estate, who died without heirs, might be made applicable, but the money is not the property of the estate of the deceased workman, it belongs to his employer. It seems to me this decision should be based on the theory that the payment of $1,000 to the state, in the event a deceased workman left no dependent, was intended by the legislature to be a regulation under the police power, to discourage employers from discriminating against employees with dependents, and to cause them to use care in making and keeping the places of employment free from unnecessary danger.