(No. 6715.   December 13, 1939.)

STATE ex Rel. CALVIN E. WRIGHT, State Auditor, Respondent, v. POTLATCH FORESTS, INC., and WORKMEN'S COMPENSATION EXCHANGE, Appellants.

[97 Pac. (2d) 394.]

Nelson & Nelson, for Appellants.

J. W. Taylor, Attorney General, and R. W. Beckwith, Assistant Attorney General, for Respondent.

AILSHIE, C. J.—This case arose from an accident which occurred to Matt E. Salo October 9, 1936, while he was engaged in the course of his employment with Potlatch Forests, Inc. He received an injury from a log rolling over him, which resulted in his death February 2, 1938. Compensation was paid to Salo regularly until the date of his death amounting to $673.20; and the additional sum of $190 was paid as funeral expenses. After the lapse of more than a year from the date of the employee's death, *no dependent*

having made application for compensation, the state filed its claim for $1,000 to be paid into the state treasury for the benefit of the Industrial Administration Fund. The board entered an order requiring payment of the sum of $1,000 as claimed by the state. The employer and the surety have appealed from the order.

The contentions made by appellants divide themselves into two propositions:

First, it is contended that the state, not having filed its claim within one year after the death of the employee, is barred under sec. 43–1202, I. C. A., from urging the claim at this time.

In the second place, it is contended that if the state is not barred from urging its claim at this time, nevertheless, the appellants are entitled to a credit of all moneys paid to the employee as benefits or compensation between the time of his injury and the date of his death.

Addressing ourselves to the first proposition, we are at once confronted with chapter 147 of the 1935 Session Laws, and especially the provisions of subsec. 6 of sec. 43–1101, I. C. A., as amended by that act. In order to have before us the section as it read prior to the amendment and also as it stood after the amendment, we are setting the section out in full and *italicizing the amendatory* matter inserted, and placing in brackets words omitted from the section by the amendment:

"6. In case there are two or more classes of persons entitled to compensation under this section and the apportionment of such compensation, above provided, would result in injustice, the board may, in its discretion, modify the apportionment to meet the requirement of the case. In case [there are no dependents of deceased employee,] *no claim for compensation is made by a dependent of deceased employee and filed with the Industrial Accident Board within one year after the death or in case a claim is made and filed within such year and no dependency proven* the employer shall pay into the State Treasury to be deposited in the Industrial Administration Fund the sum of $1,000.00. *If, after an employer has paid the said sum of $1,000.00 into the State Treasury, a claim is made and dependency proven by*

*a person who during the one year after the death in which a claim may be made was either a minor or mentally incompetent and who during the said year had no person or representative legally qualified under the provisions of the Workmen's Compensation Law to make a claim in his behalf. The said sum of $1,000.00 shall be repaid to such employer on the order of the Industrial Accident Board; provided, that nothing in this Act shall be construed as extending or increasing the time during which a claim for compensation by a dependent may be made."*

Under the statute as it read prior to the amendment, it was held that the burden was cast upon the state, when claiming the thousand dollar payment, to file its claim and prove that the employee left no dependent. *In re Stewart,* 49 Ida. 557, 290 Pac. 209; *Williams v. Intermountain Fireworks Co.,* 55 Ida. 28, 37 Pac. (2d) 231; in *State ex rel. Parsons v. Workmen's Compensation Exchange,* 59 Ida. 256, 81 Pac. (2d) 1101, we held the statute valid requiring the employer to pay to the state the thousand dollars in case of the death of the injured employee leaving no dependents. To the same effect, see *Pacific Employers Ins. Co. v. Pillsbury,* 88 Fed. (2d) 443, 445.

Later, in the case of *State ex rel. Wright v. Smith & State Ins. Fund, ante,* p. 316, 91 Pac. (2d) 389, we considered the effect of the amendment to the statute upon a *voluntary* payment of compensation under the *last sentence of sec. 43–1202, I. C. A.,* and held that the amendment of sec. 43–1101, I. C. A., did not repeal or affect that provision of the previously existing statute. It should be observed, however, that in the latter case we said (p. 393):

"The effect of the amendment is to make proof that the deceased employee left no dependent unnecessary if no claim for compensation be made within a year after the death and if no payment of compensation be made voluntarily."

It is clear that the legislature made the amendment to the statute with the intention of fixing the definite conditions on which the $1,000 benefit should be paid into the state treasury, *viz.:*

"In case *no claim for compensation is made by a dependent of deceased employee and filed with the Industrial Accident Board within one year after the death or in case a claim is made and filed within such year and no dependency proven,*" etc. (Chap. 147, sec. 1, subsec. 6, p. 366, 1935 Sess. Laws.)

Applying this new standard for determining liability to pay the state, it appears that no claim could be made by the state until after the expiration of the year; and it is evident from the context and purpose of the amendment, that it was intended to amend the provisions of sec. 43–1202, I. C. A., in so far as it had previously been held to require the state to give notice and file its claim within one year after the death of the injured workman. Prior to the expiration of the year, as specified by the amendatory act, the agent of the state could not plead sufficient facts, by way of claim or notice, to entitle the state to an order requiring the payment of the money into the state treasury. On the other hand, the state is entitled to the order without making claim as soon as the time has elapsed; and no claim by or on behalf of a dependent has been made. It thereupon becomes the duty of the board to make and enter the order. If the order is not so entered, a claim may be made on behalf of the state for an appropriate order. (*State ex rel. Parsons v. Workmen's Compensation Exchange, supra.*)

Now, turning our attention to the second contention advanced by appellant, we find the statute fixes the definite sum at $1,000 which must be paid to the state upon the happening of the conditions specified in the act; and that no exception is made nor is any credit for any purpose mentioned. Furthermore, the statute provides that in the event a *minor or an incompetent* should later appear and establish a claim for compensation as a dependent, this $1,000 payment shall forthwith be *returned to the employer;* and he will then be restored to the same status and rights he would have enjoyed, had he never been required to make this payment, or had a dependent appeared prior to the expiration of the year's limitation.

The statute fixes the schedule of benefits for the different classes of dependents (sec. 43–1103, I. C. A.) and by sec. 43–

1106 (see amendment, chap. 134, 1937 Sess. Laws), it is provided that ''In case death occurs after a period of disability, either total or partial, the period of disability shall be deducted from the total periods of compensation respectively stated in section 43–1103.'' So it appears from the provisions of sec. 43–1106, I. C. A., that, when it comes to making payments to dependents after the death of the injured workman, such payments must be diminished by the amount of disability compensation that was paid to the workman during his lifetime for his injury. (See *Pardeick v. Iron City Engineering Co.*, 220 Mich. 653, 190 N. W. 719; *Anderson v. Fisher Body Corp.*, 239 Mich. 506, 214 N. W. 938.) Although the statute says nothing about deducting compensation that has been paid the injured workman during his lifetime, where no dependents appear and the $1,000 payment is to be made to the state, nevertheless, by analogy of reasoning, it would seem that the $1,000 payment should be diminished in the same manner and to the same extent as a diminution of payment is required to be made in case of a dependent.

We conclude that the order of the board should be modified, to the extent of allowing a deduction from the $1,000 award to the state, in the sum paid to the injured employee during the period of his disability and, as so modified, the order is *affirmed*.

Budge, Givens and Holden, JJ., concur.

MORGAN, J., Concurring.—While I am in accord with the conclusion reached in this case, I believe the court should have called upon counsel to brief a question of jurisdiction, which has neither been raised nor discussed by the attorneys, but which relates to the jurisdiction of the industrial accident board to try the case and our jurisdiction to decide it, on the merits, on appeal. As pointed out in the foregoing opinion, I. C. A., sec. 43–1101, subsec. 6, as amended by Sess. Laws 1935, chap. 147, provides for payment of $1,000 into the state treasury, to be deposited in the industrial administration fund, if no claim for compensation is made by a dependent of a deceased employee within one year after

his death or, if a claim is made and filed within a year, no dependency is proven. That provision makes necessary a decision as to whether claim for compensation has been made within a year by one asserting his dependency on deceased and, if it has been, whether claimant was dependent within the meaning of the workmen's compensation law. It also makes necessary a decision as to what deductions, if any, shall be made from the $1,000 which the employer, or his surety, must pay. I doubt if these questions should be decided by the board which will be the beneficiary if the $1,000 is paid into the treasury. Section 43–1309 provides:

"All expenses incurred by the board pursuant to the provisions of this act, including the actual and necessary traveling and other expenses and disbursements of the members thereof, its officers and employees incurred while on business of the board, either within or without the state, shall, unless otherwise provided in this act, be paid from the industrial administration fund after being approved by the board upon claims therefor to be audited and approved by the state board of examiners."

Several cases involving the right to have moneys paid into the treasury to be deposited in the industrial administration fund have been before us on appeal from orders of the board, but this jurisdictional point has not been presented. It seems to me that, since the jurisdiction of the court as well as that of the board, is involved, we should order the question briefed and decide it.