(No. 7124.  January 17, 1944.)

STATE OF IDAHO, on the relation of CALVIN E. WRIGHT, State Auditor, Respondent, v. C. C. ANDERSON COMPANY OF EMMETT, Employer, and IDAHO COMPENSATION COMPANY, Surety, Appellants.

[145 Pac. (2d) 237.]

Spencer Nelson for appellants.

Bert H. Miller, Attorney General, and J. R. Smead, Assistant Attorney General, for respondent.

DUNLAP, J.—Two days after an industrial accident, George Schrecongost an employee of C. C. Anderson Company of Emmett, as a result thereof, died. He had no dependents, so far as is known, nor was any claim of compensation filed by anyone asserting dependency. Idaho Compensation Company, one of the appellants here, is the insurance carrier for the Anderson Company, and paid medical and hospital expenses in the sum of $219.65, and also burial expenses in the sum of $200.00.

After the lapse of more than a year the Industrial Accident Board entered an order for payment to the state, for deposit in the Industrial Administration Fund of the state, the sum of $1000.00.

Thereafter, appellants filed application for hearing, treated herein as an application for modification of an award, setting up payment of the medical, hospital and burial expenses, and alleged they were entitled to have the payments thus made, deducted from the $1000.00 ordered by the Board to be paid into said Industrial Administration Fund.

Appellants also contended before the Board, that it had no jurisdiction to determine liability of an employer and surety for payment into the fund, for the reason that the board has a direct interest in requiring such payments; it was also contended that since the state had filed no

claim for the $1000.00 payment, the board's order was unfounded, and that appellants are not liable to make any payment to the state.

The board ruled against appellants on all these contentions.

While in the opening paragraph of its brief appellants state:

"The question on appeal from the Industrial Accident Board is whether or not defendants are entitled to deduct medical and burial expenses of the deceased George Schrecongost, from the $1000.00 payable to the State of Idaho," they assign as error the holding of the board in finding it had no direct interest in the money paid to the State Treasurer for deposit in the Industrial Administration Fund. Appellants cite no authorities on the point and do not discuss it in their brief.

Neither do they assign as error or discuss the board's ruling on the point raised before the board, to effect that the order for the $1000.00 payment was unfounded, and their non-liability therefor because of the failure of the state to file a claim. Therefore, this ruling is not before us for consideration. (*Purdy v. Steel*, 1 Ida. 216; *N. Bennett Co. v. Twin Falls Land & Water Co.*, 14 Ida. 5, 93 P. 789; *Glover v. Brown*, 32 Ida. 426, 184 P. 649; *Bicandi v. Boise Payette Lbr. Co.*, 55 Ida. 543, 44 P. (2d) 1103; *Coeur d'Alenes Lead Co. v. Kingsbury*, 56 Ida. 475, 55 P. (2d) 1307.) However, the identical question was before us and determined in *State v. Potlatch Forest, Inc.*, 60 Ida. 797, 97 P. (2d) 394.

After hearing the application for modification (the facts being stipulated) the board made comprehensive Findings of Fact and Conclusions of Law, containing rather complete and informative exposition of its views of the law applicable, and based thereon, entered an award in favor of the state, directing the payment of the $1000.00 provided by paragraph 6 of sec. 43-1101, I.C.A., as amended by 1935 Regular Session Laws, chap. 147, sec. 1, p. 364, without the deductions claimed.

From this award the appeal is taken.

As appellants do not cite authority or otherwise mention, except in the assignments of error, the bare specification that the board erred in finding it had no direct interest in the money paid to the state treasury, for deposit

in the Industrial Administration Fund, this point is not before us for consideration. (In re: Drainage District No. 3, Ada County, 43 Ida. 803, 255 P. 411; *Burton v. Bayley*, 50 Ida. 707, 300 P. 359; *McMillan v. Sproat*, 51 Ida. 236, 4 P. (2d) 899; *Louk v. Patton*, 58 Ida. 334, 73 P. (2d) 949.) Especially since it would appear from the opening paragraph of appellants' brief above quoted, that it is not one of the questions to be decided on the appeal. (See *Mountain States Implement Co. v. Arave*, 49 Ida. 710, 291 P. 1074.)

This brings us to the question as to whether or not appellants were entitled to deduct from the $1000.00 payment required to be made to the state, under the provisions of our statute above cited, the amounts paid by appellants for hospital, medical and burial expenses.

We will first direct our attention to the burial expense item.

Sec. 43-1101, I. C. A., as amended by 1935 Session Laws (Regular Session), chap. 147, p. 364, provides in part, as follows: "If death results from the injury within two years the employer or the surety shall pay to the person entitled to compensation, or, if there are none, then to the personal representative of the deceased employee, burial expenses not to exceed $200.00, *and shall also pay* to or for the following persons for the following periods, a weekly compensation, etc., * * *. In case no claim for compensation is made by a dependent of deceased employee and filed with the Industrial Accident Board within one year after the death, or in case a claim is made and filed within such year and no dependency proven, the employer shall pay into the state treasury to be deposited in the Industrial Administration Fund, the sum of $1000.00." (Italics ours.)

The constitutionality of the provision above, with respect to the payment of the $1000.00 to the state, was determined and upheld by this court in *State v. Workmen's Compensation Exchange*, 59 Ida. 256, 81 P. (2d) 1101.

In *State v. Potlatch Forest, Inc.*, 60 Ida. 797, 97 P. (2d) 394, a deduction for funeral expenses also for compensation paid to the employee prior to death, was likewise claimed by the employer and surety. However, the expenses of funeral was not allowed by the board, nor by this court, and while the matter of the deduction was not discussed in the opinion of this court, this court, as a matter of fact,

concluded such expenses were not deductible, since that portion of the order of the board, denying this deduction was not disturbed.

This conclusion would seem to accord with the statute, since it makes payment of funeral expenses, not to exceed the amount there fixed mandatory under the conditions expressed in the statute, and in addition thereto, the payment of $1000.00 to the state.

In the case of *State v. Workmen's Compensation Exchange,* 59 Ida. 256, 81 P. (2d) 1101, this court took the view that the $1000.00 payment thus provided for the state, is clearly compensation as that term is employed and applied in the Workmen's Compensation Law, and said: "Now, as we understand this statute, it was the intention of the legislature that compensation should be paid by the employer or his surety for *every employee killed by accident* while engaged in the course of his employment. * * * In other words, the state as a sovereign or parens patriae asserts its right to recover for the death of an employee, in the event no person qualifies as an actual dependent within the meaning of the statute. It certainly can not be gainsaid that the state has an interest in these employees, its subjects to whom it owes police and general welfare protection, which is equal to, if not superior to, the interests of some of the persons who are named as dependents."

In view of the plain wording of the statute, it seems clear that no one could contend funeral expenses could be deducted from the compensation fixed for the actual dependents, so in the absence of statutory authority authorizing deductions for such expenses from the compensation fixed for the state, neither can it be reduced by such methods. In other words, the employer or his surety is required to pay the full amount of compensation fixed by the statute to be paid to the required beneficiary, regardless of whom the beneficiary might be.

Appellants here suggest this provision for payment to the state should be construed strictly against the state, on the theory that it is in the nature of a tax, or a statute embodying liability, and cites the general rules of law applying to construction of statutes of that nature, including 59 C.J. 1129, sec. 668.

We do not regard this provision in that light. In *State v. Workmen's Compensation Exchange,* supra, this

court said: "As we view this statute and understand the intent of the legislature, the provision in question is neither a license nor an excise tax." The general rule announced in 59 C.J. 1129, sec. 668, is not applicable here, but rather the rule of construction announced in the following cases, to-wit: *Workmen's Compensation Exchange v. Chicago M. St. O. & C. R. Co.*, 45 F. (2d) 885; *Flynn v. Carson*, 42 Ida. 141, 243 P. 818, being as follows: "In construing this statute the cardinal rule is to ascertain the intention of the legislature as it is expressed in the words of the statute, and for this purpose the act must be considered as a whole."

We, therefore, hold under the facts in this case that the board did not err in denying the reduction for the funeral expenses.

We now consider appellants' claim of right of reduction of the medical and hospital expense.

Sec. 43-1107, I.C.A., provides: "The employer shall provide for an injured employee such reasonable medical, surgical or other attendance or treatment, nurse and hospital service, medicine, crutches and apparatus, as may be required or be requested by the employee immediately after an injury, and for a reasonable time thereafter. If the employer fails to provide the same, the injured employee may do so at the expense of the employer."

Appellant contends that these medical and hospital expenses paid on behalf of the employer are compensation to the same extent as the $1000.00 payable to the state after death, and should be deducted from the $1000.00 under sec. 43-1106, which provides: "In case death occurs after a period of disability, either total or partial, the period of disability shall be deducted from the total period of compensation, respectively stated in sec. 43-1103," and relies upon *State v. Potlatch Forest Inc.*, supra.

On this point we call attention to the schedule of benefits provided by the statute (sec. 43-1103, I.C.A.) and by sec. 43-1106, I.C.A., as amended by chap. 134 of 1937 Session Laws, p. 215, the latter section and amendment thereof reading in part as follows: "In case death occurs after a period of disability, either total or partial, the period of disability shall be deducted from the total periods of compensation respectively stated in sec. 43-1143." In the Potlatch case we said, "So it appears from the provisions of

sec. 43-1106, I.C.A., that, when it comes to making payments to dependents after the death of the injured workman, such payments must be diminished by the amount of disability compensation that was paid to the workman during his lifetime for his injury," and held further, that while the statute says nothing about deducting compensation that had been paid the injured workman during his lifetime, where no dependents appear and the $1000.00 is made to the state that, nevertheless, by an analogy of reasoning it would seem that the $1000.00 payment should be diminished in the same manner and to the same extent as a diminution of payment is required to be made in case of a dependent.

Now, in cases of this nature there are three classes of payments generally designated by our statute, as compensation in the case of death, to-wit: The payment of personal compensation to the employee or his dependents, and where there are no dependents, to the state; the payment of hospital and medical expenses, and the payment of burial expenses. The holding in the Potlatch case sustains the principal prohibiting double payments. In other words, that part of the personal compensation paid to the employee prior to and in the event of death is to be deducted from the amount fixed by the statute as and for his dependents. It is obvious that the legislature did not intend and provide in the statute compensation payments for medical and hospital expenses to be deducted from the payments fixed by the statute to be made to the workman and his dependents. These payments are in addition to the compensation provided for the employee and in case of death, his dependents. On what basis could it be logically argued that the same rule does not apply in cases where the compensation goes to the state? Clearly the statute makes no distinction. In other words, these special payments are guaranteed to the workman, to the same extent and in addition to the personal compensation, provided for him and his dependents, and in case of death and non-dependency, then for the state.

Award affirmed. Costs to respondent.

Holden, C.J., Ailshie, Budge and Givens, JJ., concur.