Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of STATE INDUSTRIAL COMMISSION, under Section 15, Subdivision 7, of the Workmen's Compensation Law, for the Death of WILLIAM S. EDSALL, *v.* IRVING S. EDSALL, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of STATE INDUSTRIAL COMMISSION, under Section 15, Subdivision 7, of the Workmen's Compensation Law, for the Death of JULIA DE HART, *v.* MARY NEWMAN and Others, Employers, and THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Insurance Carrier, Appellants.

Third Department, July 2, 1917.

**Workmen's Compensation Law — amendment creating special fund where employee is killed leaving no dependents — subdivision 7 of section 15 of Workmen's Compensation Law is constitutional — undertaker entitled to compensation is not beneficiary of deceased.**

Chapter 622 of the Laws of 1916, adding subdivision 7 to section 15 of the Workmen's Compensation Law, and providing that where there are no persons entitled to compensation in case of an injury causing death, the insurance carrier shall pay to the State Treasurer the sum of $100 to create a special fund for the payment of employees who suffer permanent total disability after having previously incurred a permanent partial disability, as stated in said section, is not unconstitutional on the theory that under section 19 of article 1 of the State Constitution it is necessary that the relation of employer and employee shall exist between parties in order to raise the right to compensation. Hence, where an employee killed in a hazardous employment left no person entitled to an award, it was proper for the Industrial Commission to require the employer's insurance carrier to pay $100 to the State Treasurer for the special fund.

The fact that under the statute an undertaker is entitled to be paid for the reasonable funeral expenses of said person, does not make him a person entitled to compensation within the meaning of the statute so as to exempt the insurance carrier from payment into the special fund created by subdivision 7 of section 15. This, because the undertaker is not a beneficiary of the decedent, and he receives compensation only for services rendered.

APPEAL in the first case by the defendants, Irving S. Edsall and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 29th day of November, 1916, in so far as it directs the payment of $100 to the State Treasurer.

Appeal in the second case by the defendants, Mary Newman and others, from an award of the State Industrial Commission, entered in the office of said Commission on the 11th day of January, 1917, in so far as it directs the payment of $100 to the State Treasurer.

*Amos H. Stephens* [*E. Clyde Sherwood* and *Robert B. Cumming* of counsel], for the appellants Irving S. Edsall and Travelers Insurance Company.

*Nadal, Jones & Mowton* [*Edward P. Mowton* of counsel], for the appellants Mary Newman and others, and Fidelity and Casualty Company of New York.

*Merton E. Lewis,* Attorney-General [*E. C. Aiken,* Deputy Attorney-General, of counsel], and *Robert W. Bonynge,* counsel to Commission, for the respondent.

WOODWARD, J.:

Chapter 622 of the Laws of 1916, materially amending the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41), added subdivision 7 to section 15, so as to provide that " If an employee who has previously incurred permanent partial disability through the loss of one hand, one arm, one foot, one leg, or one eye, incurs permanent total disability through the loss of another member or organ, he shall be paid, in addition to the compensation for permanent partial disability provided in this section and after the cessation of the payments for the prescribed period of weeks special additional compensation for the remainder of his life to the amount of sixty-six and two-thirds per centum of the average weekly wage earned by him at the time the total permanent disability was incurred. Such additional compensation shall be paid out of a special fund created for such purpose in the following manner: The insurance carrier shall pay to the State Treasurer for every case of injury

causing death in which there are no persons entitled to compensation the sum of one hundred dollars. The State Treasurer shall be the custodian of this special fund, and the Commission shall direct the distribution thereof."

In *Matter of Newman* this legislation is challenged as being violative of the Constitution of this State, the contention being that under the provisions of section 19 of article 1 of the State Constitution it is necessary that the relation of employer and employee shall exist between the parties in order to raise the right to compensation, and that this relationship does not exist in the case of the special fund, which may be devoted to the payment of compensation arising out of employment by an entirely different employer from the one who is called upon to make the payment into the State treasury. In *Matter of Edsall* the appellant raises the further question whether, in the case of a payment for funeral expenses the statute requires a payment to be made to the State Treasurer. This last contention is plausible, but hardly sound. It may be well to dispose of this proposition first.

William S. Edsall, while driving an automobile for his employer, was instantly killed by reason of a blowout of one of the tires. He left him surviving no wife or child or children, and no person dependent upon him. William E. Autenrith, an undertaker, submitted his bill for the burial expenses of the deceased and was allowed $100 by the Commission. The Commission at the same time awarded the State Treasurer the sum of $100 under the provisions of subdivision 7 of section 15 of the Workmen's Compensation Law, and the question here is whether the State Treasurer is entitled to this sum as against the insurance carrier. The appellant's contention is that the undertaker was entitled to compensation, and that, therefore, there was a person entitled to compensation, and under the language of the statute there could be no payment due to the State Treasurer. In support of this contention the appellant cites the definition of the statute that " ' compensation' means the money allowance payable to an employee or to his dependents as provided for in this chapter, and includes funeral benefits provided therein " (§ 3, subd. 6, as amd. by Laws of 1916, chap. 622),

and that "If the injury causes death, the compensation shall be known as a death benefit and shall be payable in the amount and to or for the benefit of the persons following: 1. Reasonable funeral expenses not exceeding one hundred dollars." (§ 16, as amd. by Laws of 1916, chap. 622.) But we are to read the entire statute in the light of the rule that a thing within the intent of the Legislature is as much within the statute as though it were within the letter; and a thing which is within the letter of the statute is not within the statute unless it is within the intention of the makers (*Riggs* v. *Palmer*, 115 N. Y. 506, 509), and it must be entirely obvious that the practical operation of the statute, as providing a special fund, would be nullified under the construction here contended for. Practically every accident in the industrial world resulting in death necessitates a funeral, and if the payment of funeral expenses by the insurance carrier operated to relieve such carrier from the further payment into the special fund there would be no fund created of any practical value, and it may not be presumed that the Legislature intended to do a futile thing. But the essential fallacy in the contention rests upon the proposition that the payment to the undertaker for his goods and services is not "the money allowance payable to an employee or to his dependents as provided for in this chapter," but is the discharge of an obligation which would otherwise rest upon his dependents, or upon society at large. The undertaker takes no benefit from the death of the employee; he simply secures some business which calls upon some one to pay for the same, and the statute provides that in the case of the injury resulting in death what would otherwise be denominated compensation is to "be known as a death benefit," and this, after the payment of funeral expenses up to the amount of $100, shall be "payable in the amount and to or for the benefit of the persons following." It is not a benefit to the undertaker in the sense in which that word is used in the statute; it is merely the payment of a just obligation to him. The benefit is to those who would otherwise be called upon to pay the funeral expenses, and thus understood there are no "persons entitled to compensation," unless there are such persons as are pointed out in section 16 of the act. Indeed, the enumeration of the

persons who are to receive the death benefits necessarily excludes all others (*Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456 466), and the language of the statute, while not a model of construction, clearly does not include the undertaker as a beneficiary; it merely provides for " reasonable funeral expenses not exceeding one hundred dollars," and then points out the persons who are to receive the payment of the benefits.    (§ 16.)

While it is undoubtedly true that the original Workmen's Compensation Law contemplated that each employer, or his insurance carrier, should provide the compensation for his own employees, section 19 of article 1 of the State Constitution was not limited to the provisions of that act. It provides generally that "Nothing contained in this Constitution shall be construed to limit the power of the Legislature to enact laws   *   *   *   for the payment, either by employers, or by employers and employees or otherwise, either directly or through a State or other system of insurance or otherwise, of compensation for injuries to employees or for death of employees resulting from such injuries without regard to fault," etc., and if there could be broader language in removing constitutional limitations it does not occur to us.    There is no dispute that the law permits of providing for the employees of particular firms or corporations, and in both of the cases now under consideration there is no question that if they had left dependents, as defined by the statute, such dependents would have been entitled to compensation in addition to the funeral expenses, but it is urged that, because they did not happen to have such dependents, the State may not demand the payment of a comparatively trifling sum for the purpose of providing a special fund for the payment of a class of claims not heretofore provided for. There can be no doubt that if the Legislature had repealed the original law, and had compelled all employers to contribute to a State insurance fund such an act would have been valid under the provisions of section 19 of article 1 of the Constitution; and we discover no reason for doubting that the original act may be modified to provide for a special insurance fund to meet a new class of claims, and particularly as it does not make any unreasonable exaction, or one which would not exist except for special conditions in the case of

the fatal injury.   The discussion of the United States Supreme Court in *Mountain Timber Co.* v. *Washington* (243 U. S. 219), appears to be conclusive upon this point, and it does not seem to be necessary to prolong this discussion.   Section 19 of article 1 of the Constitution has opened the door to class legislation of this character, and citizens must look to the Legislature, rather than the courts, for the adjustment of their rights.

The awards to the State Treasurer   in both   cases should be affirmed.

Awards to the State Treasurer in both   cases unanimously affirmed.