Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of the STATE TREASURER, Respondent, for Compensation under the Workmen's Compensation Law, Arising out of the Death of RICHARD COOK, *v.* WEST SIDE TRUCKING COMPANY, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, November 16, 1921.

Workmen's Compensation Law — dependency — payment to State Treasurer by insurance carrier under § 15, subd. 7, where decedent leaves no person entitled to compensation — direction by Commission to pay Treasurer is not award or death benefit — Treasurer's right to money not barred by failure to file claim within one year — that decedent's mother makes no claim for compensation within time specified is some evidence that she was not dependent — failure to raise objection on hearing precludes its consideration on appeal.

The direction by the State Industrial Commission to an insurance carrier to pay the State Treasurer the sum of $100 provided for by subdivision 7 of section 15 of the Workmen's Compensation Law, where an employee is killed, leaving no persons entitled to compensation, is not an award of compensation or death benefit, but a direction to the carrier to pay the amount which the statute directs it to pay, and the Treasurer's right to the money and the power of the Commission to grant it is not barred by the failure to file a claim within one year under section 28 of the statute.

Where it appears that the mother, the only relative surviving who might claim as a dependent, makes no claim for compensation within the time allowed by law, it is some evidence that she was not dependent.

Failure to raise an objection upon the hearing precludes the appellant from raising it on appeal.

H. T. KELLOGG, J., dissents, with opinion.

APPEAL by the defendants, West Side Trucking Company and another, from an award of the State Industrial Commission,

entered in the office of said Commission on the 8th day of February, 1921.

*T. Carlyle Jones,* for the appellants.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

The proceedings were very informal. No evidence was taken. The determination stands upon the discussion between the counsel and the Commissioner and the concessions made therein. Upon the first hearing the appellants' attorney stated there was a dependent mother. The Commissioner stated that there was a mother but she was not dependent. The appellants' attorney said that he was advised there was an action brought by her against the New York Railways Company, and suggested that the matter stand over for further information, which course was adopted.

At the next hearing the Commissioner asked the attorney for the appellants, " What is the position of the carrier in this case? " to which their attorney replied that he " objected to any award on the ground claim was not filed within a year by any of the dependents." He stated that there was a mother living, and a brother, and that he had communicated with them, and they informed him that they had turned the matter over for prosecution of a suit against a third party. The question was discussed, and the Commissioner said that an order would be made for $100 to the State Treasurer. The appellants' counsel then objected to any award on the ground that no claim for compensation had been made by any person entitled to compensation, and, furthermore, that the death came through the agency of a third person, and there is a possibility of a third person suit. He continued: " Of course information in the possession of the Commission does not warrant them in assuming a third party suit was commenced, but according to investigation we find the matter has been turned over for the prosecution of a third party suit. Inasmuch as there was no suit filed, or any claim filed, I don't think the Commission has any jurisdiction. Commr. Archer:

Is that all?   [Appellants' attorney]: That is all I have."   The Commissioner then declared the case closed.

Subdivision 7 of section 15 of the Workmen's Compensation Law provides: " The insurance carrier shall pay to the State Treasurer for every case of injury causing death in which there are no persons entitled to compensation the sum of one hundred dollars."   The direction by the Commission to pay the Treasurer is not an award of compensation, but it is the direction to the carrier to pay the amount which the statute directs it to pay.   The Treasurer's right to the money, and the power of the Commission to grant it, is not barred by the failure to file a claim under section 28.   The allowance is not compensation (Workmen's Compensation Law, § 3, subd. 6); or death benefits (Id. § 16; *Edsall* v. *Edsall*, 179 App. Div. 481; *Matter of State Industrial Commission* v. *Newman*, 222 N. Y. 363.)   It cannot be known with certainty whether there is a party entitled to compensation until the lapse of the year during which a claimant may file a claim.   The other objection taken at the trial admits that there is nothing before the Commission with reference to a third party action.   The only objections raised at the hearing are untenable, and, as we have seen, counsel stated that there was no other objection to the award.   " All questions of dependency shall be determined as of the time of the accident."   (Workmen's Compensation Law, § 16, last sentence.)   But the fact that the mother, the only relative surviving who might by any possibility be entitled to death benefits as a dependent, makes no claim for compensation within the time allowed by law, is some evidence that she was not a dependent.   As we have seen, however, no evidence was given in the case.   The determination rests upon the course of the trial, and when the counsel stated that he raised but two objections, each of which proved untenable, he is not now in a position to raise a third objection on appeal.   All objections except the two stated are waived and cannot be considered here.   The determination should, therefore, be affirmed.

COCHRANE and KILEY, JJ., concur; VAN KIRK, J., concurs on the ground of waiver; H. T. KELLOGG, J., dissents, with an opinion.

H. T. KELLOGG, J. (dissenting):

This case is governed by the language of subdivision 7, section 15 of the Workmen's Compensation Law, which reads as follows: " The insurance carrier shall pay to the State Treasurer for every case of injury causing death in which there are no persons entitled to compensation the sum of one hundred dollars." The association in the same sentence of the expression " there are no persons " with the expression " causing death," the one containing a verb in the present tense and the other a verb in the form of a present participle, is significant. It leads inevitably to the conclusion that the moment for determining whether " there are " persons entitled to compensation is synchronous with that moment when death follows the " injury causing " it, and the " case of injury causing death " springs into being. If the Legislature had intended that the absence of " persons entitled to compensation " was to be determined by the failure of any such persons to file claims it would have employed, instead of " there are," the future tense of the same or some other verb, such as " shall be " or " shall prove to be." In any event there is no word used in the subdivision which furnishes any ground upon which a relationship between the present of " there are " and the moment when the year ends for filing claims can be established. Reading that portion of the subdivision under consideration to mean " in which there shall prove to be no persons entitled to compensation " the end of the period during which possible claims might be filed would not arrive until the lives of possible claimants had terminated. Claims filed after the year period is ended are entirely valid unless the defense of the Statute of Limitations is affirmatively raised by the insurance carrier. (Workmen's Compensation Law, § 28.) It is said that the insurer will always raise the defense, so that for all intents and purposes claims not filed within a year are dead. The premises of this argument are not well laid. The amount payable to a claimant in a particular case might by ready calculation be determined in advance at a less sum than the sum of $1,000 now payable to the State Treasurer under subdivisions 7 and 8 of section 15. In such case an insurance carrier would never raise the objection of the Statute of Limitations. Again, a deceased employee might

436　People ex rel. N. Y. C. R. R. Co. *v.* P. S. Comm.

Third Department November, 1921.　　　[Vol. 198

be killed by the negligence of a third party, in which case an insurer might reimburse itself for any moneys paid to a claimant under an award.　For that reason an insurer would find it advantageous not to raise the bar of the statute.　The Industrial Commission found in this case that the deceased left a mother him surviving, but that she had not filed a claim for compensation, although one year had elapsed from the date of the death of the deceased.　If at the time of the accident she were dependent upon deceased for her support, then she was, in my judgment, a person " entitled to compensation."　As there was no proof that she was not dependent, it seems to me that the condition precedent upon which an award to the State Treasurer depends has not been fulfilled and that the award should not have been granted.

I favor a reversal.

Award affirmed.