**SUCKOWSKI v. NORTON, Deputy Com'r, et al.**

**No. 7523.**

District Court, E. D. Pennsylvania.
April 10, 1935.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa., for Deputy Commissioner.

J. Webster Jones, of Philadelphia, Pa., for Jessup & Moore Paper Co. and American Mutual Liability Ins. Co.

WELSH, District Judge.

This matter comes before the court by bill in equity filed by Jessup & Moore Paper Company and the American Mutual Liability Insurance Company, complainants, appealing from a determination entered January 9, 1933, by Augustus P. Norton, Deputy Commissioner of the Third Compensation District, under the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927 (33 U.S.C.A. § 901 et seq.), in the matter of Alex Suckowski, an employee of the Jessup & Moore Paper Company. The facts in the case are not in dispute. They are to the effect that Alex Suckowski was an employee of the Jessup & Moore Paper Company. His duty was to unload barges containing wood-pulp logs. On July 28, 1931, the barge was alongside a wharf in Wilmington, Del. He went to work at 7 o'clock in the morning and worked until around 3 or 4 o'clock, when he suffered a sunstroke, from which he died shortly after. The testimony produced before the Commissioner showed that the logs were five feet long and about twelve inches in diameter; that the day was clear; that six other men were employed at the same kind of work; and that Mr. Suckowski had been performing work of the same nature for a number of years. He was apparently in good health and never ill. The evidence, while not conclusive on the subject, seems to show that he was working on the deck and not in the hold of the barge. The attending physician certified that "death was caused by extreme heat and that the accident or occupational exposure was a competent and producing cause." He was survived by his widow, who died on October 12, 1931, without having made any claim for benefits under the statute although proof of death required by the act was duly made. The Commissioner found that the death by sunstroke was an accidental death under the act, and that at the end of the year no one being alive to obtain the benefits of the act, the Commissioner so found and directed that the sum of $1,000 be paid to the Treasury of the United States under section 44 of the act (33 U.S.C.A. § 944).

Complainants contend, first, that there was no accidental injury within section 2 of the Longshoremen's and Harbor Workers' Act (33 U.S.C.A. § 902) reading as follows: "The term 'injury' means accidental injury or death arising out of and in the course of employment * * * or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment." And, secondly, that there was error on the part of the Commissioner in finding an accidental injury in the case.

We have given these phases of the question a great deal of consideration. In order to find out the real intent of the Congress on the subject, a careful study was made of the testimony produced before the House Committee having this legislation in charge. While such testimony is not conclusive, it does have weight when we come to consider the intent back of the legislation. We feel that Congress by this legislation intended to protect the class of workers covered by the act. It would seem that any other construction would be a narrowing of the purposes of the act by judicial construction.

We therefore hold that the objections raised by complainants on these subjects are not well founded.

We now come to the third and fourth alleged errors on the part of the Deputy Commissioner, wherein he found that there was "no one entitled to receive compensation at the time of the death of the decedent, where it is shown by the record, and is well known to the Deputy Commissioner, that the decedent was survived by his wife, Victoria Suckowski, who was entitled to receive compensation under section 9 (b) of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 909(b). In that, section 44(c) (1) of the Longshoremen's and Harbor Workers'

Compensation Act, 33 U.S.C.A. § 944(c)(1), is unconstitutional, being in contravention of the Fourteenth Amendment to the Federal Constitution. That is to say, that the provision of section 44 requiring the complainant to pay One Thousand Dollars to the Treasurer of the United States, where there are no persons entitled to compensation for the death of an employee, is unconstitutional, in that it is the taking of property, without due process of law."

The testimony shows that the decedent was survived by his wife and that she did not die until October 12, 1931.

Section 9(b) of the Longshoremen's and Harbor Workers' Act provides: "If there be a surviving wife * * * to such wife * * * 35 per centum of the average wages of the deceased, during widowhood, or dependent widowhood."

Diligent counsel have been unable to cite any federal cases on the case in point. A number of New York State cases have been referred to by counsel for the Deputy Commissioner. This case is not without its difficulties of decision. It may be argued with a great deal of force and logic that the right which vested in the surviving widow is a personal one, and if she failed to exercise it during the time of her survivorship, in that event the action died with her. However, a careful study of the cited New York cases, and of the opinion of Justice Hughes in Staten Island Rapid Transit R. Co. v. Phoenix Indemnity Company, 281 U.S. 98, 50 S.Ct. 242, 74 L.Ed. 726, would lead to the conclusion that the provision of the act in question was not affected by the circumstances of the instant case. The public policy set up in the provision was to provide a special fund for beneficiaries of the legislation, and it would appear from decisions above referred to that complainant is obliged to pay the stipulated amount to the fund even though the widow survived her husband for a period of three months without having proceeded to enforce her rights under the statute. It would appear to be the intent of Congress, as interpreted by the courts, that an employer, as in the instant case, stands liable to pay, first, to the dependent or dependents, and, secondly, if there are none such, then to an enumerated class of workers. In other words, the fact that there are no living dependents, or no living dependents entitled to receive, does not operate to free or discharge the employer from his obligation to contribute to the employee group who are designated as the beneficiaries of the remedial legislation.

We therefore hold that the Commissioner's actions were in accordance with the spirit and intent of the law, and that no constitutional right of the complainant has been violated. The prayer of the complainant is accordingly refused.