### EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. MONAHAN, Deputy Com'r.

### No. 3237.

Circuit Court of Appeals, First Circuit.
June 16, 1937.

Warren G. Reed, of Boston, Mass. (Gay Gleason and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., on the brief), for appellant.

Robert W. Meserve, Asst. U. S. Atty., of Boston, Mass. (Francis J. W. Ford, U. S. Atty., and John A. Canavan, Asst. U. S. Atty., both of Boston, Mass., on the brief), for appellee.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

WILSON, Circuit Judge.

This case arose under the Longshoremen's & Harbor Workers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. §§ 901–950, and involves the construction of section 44 (c) (1), 33 U.S.C.A. § 944 (c) (1). Under section 44 (a), 33 U.S.C.A. § 944 (a) there is established in the Treasury of the United States a special fund for making payments in case of increasing disability due to injuries and for the maintenance of employees undergoing vocational rehabilitation.

Under section 44 (c) (1) payments into such fund shall be made as follows: "Each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the deputy commissioner determines that there is no person entitled under this Act [chapter] to compensation for such death."

The Deputy Commissioner found as facts that one Thomas G. Garcin, who was employed by the Staples Coal Company in charge of the lighter Wakeham on February 12, 1934, was insured by the libelant against the liability of the employer for compensation under the act; that his body was found under the ice at the foot of the ladder extending from the lighter to the wharf, clothed in his working garments; that the death of Garcin was the result of an injury sustained in and arising out of his employment in the navigable waters of the United States.

The Deputy Commissioner also found that Garcin was survived by his widow, Selina Garcin, and by no children under the age of eighteen; that said Selina Garcin filed no claim for death benefits under the act until May 17, 1936, and that such claim was rejected by the Deputy Commissioner because not filed within one year from the date of the death of said Garcin as required by section 13 of the act.

Upon these facts the Deputy Commissioner on October 7, 1936, determined there was no person entitled to compensation under the act for the death of Thomas G. Garcin, and on the same date the Deputy Commissioner sent to the employer and to the libelant letters requesting them to pay $1,000 into the treasury of the United States pursuant to the provisions of section 44 (c) (1), 33 U.S.C.A. § 944 (c) (1); whereupon the libelant brought this libel to enjoin the Deputy Commissioner from collecting the amount of $1,000 and to have the order of October 7, 1936, declared void as not in accordance with the provisions of the statute.

The Deputy Commissioner filed a motion to dismiss the libel on the ground that the finding was in accordance with law and on January 7, 1937, the District Court issued a decree dismissing the libel, and from this decree the libelant has appealed, urging as error that the court erred in its interpretation of the statute.

The libelant contends that the question of whether there was any person entitled to compensation for the death of Thomas G. Garcin should be determined as of the date of his death, while the respondent contends that it is concluded as of the date when the Deputy Commissioner determines that "there is no person entitled to compensation under the Act for the death." If the libelant is correct in its interpretation of section 44 (c) (1), then the employer is not liable to pay $1,000 into the Treasury of the United States as a contribution to the special fund mentioned in section 44 (a), since Mrs. Garcin at the time of the death of her husband was entitled to compensation. If, however, the Deputy Commissioner was right in his interpretation of the statute, Mrs. Garcin having lost her rights to compensation by her delay in filing her claim, and as the Deputy Commissioner determined on October 7, 1936, that there is no person entitled to compensation under the act, the order of the Deputy Commissioner requiring the employer or libelant to pay into the United States Treasury the sum of $1,000 was proper and should be enforced.

The District Court held that the determination of the Deputy Commissioner that on October 7, 1936, "there is no person entitled under the Act [chapter] to compensation" for the death of Thomas G. Garcin was conclusive under the language of section 44 (c) (1), 33 U.S.C.A. § 944 (c) (1), which provides that "each employer shall pay $1,000 as compensation for the death of an employee of such employer resulting from injury where the *deputy commissioner determines that there is no person entitled under this Act* [chapter] *to compensation for such death.*" (Italics supplied.)

This court in the case of Bethlehem Shipbuilding Corporation, Limited, et al. v. Monahan, Deputy Commissioner, et al., 54 F.(2d) 349, 350, said: "We do not find it necessary to pass upon it as an original proposition, for it appears that the provisions of the act here in question (as well as the act itself) were taken verbatim from an act passed by the Legislature of New York (N.Y.Consol.Laws, c. 67), which had a well-settled construction before their adoption by Congress;" and further said: "Such being the settled construction of these provisions of the New York Act at the time of its adoption in 1927, it is to be presumed that Congress intended that such provisions should be understood and applied in accordance with that construction."

Prior to the passage of the Longshoremen's & Harbor Workers' Compensation Act of 1927, State Treasurer v. West Side Trucking Company et al., 233 N.Y. 202, 135 N.E. 244, the New York Supreme Court had held that if a dependent had failed to file a claim within the period provided by the New York statute and was barred from having an award made to her, an award ordering payment made to the state treasurer under section 15 (8) of the New York Workmen's Compensation Law (Consol.Laws N.Y. c. 67) which corresponds, though not verbatim, to section 44 of the Federal Act (33 U.S.C.A. § 944), was held to be valid.

Following in the same line, Chrystal v. United States Trucking Corporation, 250 N.Y. 566, 166 N.E. 326, in which the widow of the employee filed a claim but died before an award was made, an order for the payment of $1,000 to the state was made by the Industrial Board under subdivisions 8 and 9 of section 15, which was affirmed, although the defendant contended that the statute related to conditions existing at the time of the death of the employee.

Also see Suckowski v. Norton, Deputy Com'r, et al. (D.C.) 16 F.Supp. 677.

There is force in the contention that Congress made the determination of the Deputy Commissioner the controlling factor as to whether the employer should pay the sum specified into the special fund and not whether there was, in fact, a dependent entitled to compensation at the time of the employee's death.

Dependents under section 2 (33 U.S.C.A. § 902) include those relatives who were dependent on the deceased for their support at the time of death. Section 9 (33 U.S.C.A. § 909) relates solely to payments to such dependents and provides that all questions of dependency shall be determined as of the time of the injury.

Section 44 does not mention dependents. Under it a Deputy Commissioner does not determine whether there were any dependents at the time of death, but whether *"there is no person* entitled under the Act [chapter] to compensation for such death." He speaks not of the past, but of the present, viz: at the time of his finding. (Italics supplied.)

The appellant cites the case of Federal Mutual Liability Insurance Co. v. Locke (C.C.A.) 60 F.(2d) 895, in which the court was considering a case where the dependent entitled to compensation elected to bring suit against a third party who was responsible for the death of the employee, and held that section 44 (c) (1), 33 U.S.C.A. § 944 (c) (1) construed in connection with section 33 (33 U.S.C.A. § 933) should be interpreted as requiring payment of $1,000 into a special fund only in case there is no person entitled * * * to compensation at the time the dependency is determined—that is, at the time of the injury.

But the court differentiated that case from those decided by the state courts under the New York statute on the ground that the provisions of section 44, taken in connection with section 33, differed from those of section 29 of the New York act as amended by the Laws of 1922, c. 615, in that the federal act allows recovery of a third person by subrogation of any sums paid into the special fund where there is no person entitled to compensation; while prior to the amendment of section 29 of the New York act there was no right of

recovery against a third person for any sums paid into the special fund, but after the amendment of section 29 an employer had a remedy against a third party causing the injury of the employee, not by assignment or subrogation, as under the federal act, but absolutely in all cases, unless the third party was insolvent.

· Where the claim of the employee is satisfied by proceeding against a third party, the cause of action to which the employer is supposed to be subrogated under section 33 of the federal act (33 U.S.C.A. § 933) is extinguished, and no separate cause of action to recover the amount contributed to the special fund is given under the federal act; while under the state act a separate remedy is provided in any case to recover the amount paid into the special fund. The court held that this, and certain "grotesque results" which would follow, were sufficient to warrant it in refusing to follow the state decisions, though it did not deny that it should follow the state courts as to the construction of provisions that were substantially like those of the federal act.

It may be unfortunate that there should be any distinction between a case where a third person is liable and where the employer alone is liable as to when there is a person entitled to compensation; but if Congress, in adopting the New York Compensation Act, adopted the construction of the New York courts, where the provisions of the New York act are substantially the same as those of the federal act, Capital Traction Co. v. Hof, 174 U.S. 1, 36, 19 S.Ct. 580, 43 L.Ed. 873; Metropolitan Railroad Co. v. Moore, 121 U.S. 558, 572, 7 S.Ct. 1334, 30 L.Ed. 1022; Hartford Accident & Indemnity Co. v. Hoage, Deputy Com'r, 66 App.D.C. 154, 85 F.(2d) 411; 36 Cyc. 1154, note 81 and cases cited, we think, in such cases, we should follow the construction of the state courts, and since the widow of Garcin failed to file any claim within the statutory period of one year, and the Deputy Commissioner held that "there is no person entitled to compensation under this Act for such death," following the decisions of the New York courts, State Treasurer v. West Side Trucking Company et al., supra, and Chrystal v. United States Trucking Corporation, supra, we think the judgment of the District Court must be affirmed.

The judgment of the District Court is affirmed.

MORTON, Circuit Judge (dissenting).

The question involved is a very narrow one of statutory interpretation, viz., whether the date as of which the Deputy Commissioner determines whether there is any person entitled to compensation for the death of an employee, is the date of such *death* or the date on which he makes the *determination*. This question has already been answered in Federal Mutual Liability Insurance Co. v. Locke, 60 F.(2d) 895, 897 (C.C.A.2) where it was said, "Section 44 (c) (1) [33 U.S.C.A. § 944 (c) (1)] should be interpreted as requiring payment of $1,000 into the special fund only in case there is 'no person entitled * * * to compensation' at the time when dependency is determined—that is, at the time of the injury. This gives the words a reasonable meaning and makes the assignment effective." A. N. Hand, J., page 897. I find myself in agreement with this view, which is supported by the weight of opinion in the federal courts. See Texas Employers' Ins. Ass'n v. Sheppeard, 62 F.(2d) 122 (C.C.A.5); Pacific Employers' Ins. Co. v. Pillsbury (D.C.) 14 F.Supp. 156. In acts of this general character, which give compensation for the death of an employee to his dependents, the question of dependency is always determined as of the date of death—and it is by this act. "All questions of dependency shall be determined as of the time of the injury." Section 9 (f), 33 U.S.C.A. § 909 (f). It was not the intention, I think, to set up another critical date for certain special circumstances. The intention of the act clearly is that, when an employee who is accidently killed leaves no dependents, his employer shall pay into the special fund the sum of $1,000 in the nature of a penalty. But I find no suggestion that the failure of an injured employee or his dependents to exercise their rights under the act should inure to the benefit of the United States. An intention so contrary to the general policy of all such legislation would, if it had been held, have been more clearly expressed. While the federal act was based on the New York statute, the particular provisions on this point are by no means the same. I agree with the views expressed in the opinion in the Locke Case.